**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANS AMERICAN TRUCKING SERVICE, INC. et al., | Civil Action No.: 09-6116 (JLL) |
| Plaintiffs, | |
| v. | OPINION |
| HOLDER et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiffs are seeking review, under the Administrative Procedure Act, of an administrative decision by Defendants revoking the approval of an immigrant visa petition for Plaintiff Julio Marcelo Ayala.  The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons discussed below, Defendants' motion is granted.

## I.      BACKGROUND

On July 3, 2007, Plaintiff Trans American, on behalf of Mr. Ayala, applied for a Form I-140 Immigrant Petition with the U.S. Citizenship and Immigration Services ("USCIS").  (Compl. ¶ 10.)  The USCIS approved the petition on April 14, 2008.  (Id., at ¶ 11.)  On February 6, 2009, the Director for the Texas Service Center issued a Notice of Intent to Revoke Mr. Ayala's

previously approved petition.  (Id., at ¶ 12.)  The basis given for the revocation was that, in accordance with INA § 204(c), "Mr. Ayala was ineligible to receive a visa for conspiring to procure an immigrant benefit through a previous marriage."  (Id.) Trans American responded to the notice but the prior approval of the petition was nevertheless revoked on March 20, 2009. (Id.)  Trans American and Mr. Ayala appealed the decision to the Administrative Appeals Office, but the appeal was unsuccessful.  (Id., at ¶¶ 13-14.)  Plaintiffs' Complaint seeks review of the revocation decision.

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim.  "A 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction."  Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000).  Defendants' motion presents a facial subject matter jurisdiction challenge.  Under a facial attack, the movant challenges the legal sufficiency of the claim and the Court only "consider[] the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  Id.

## III.    DISCUSSION

Mr. Ayala's petition was revoked pursuant to 8 U.S.C. § 1155 based on a finding under INA § 204(c), 8 U.S.C. § 1154(c) that he entered into a previous sham marriage.  Defendants argue that revocation decisions made pursuant to § 1155 are not reviewable by this Court; they rely on Jilin Pharmaceutical USA, Inc. v. Chertoff, 447 F.3d 196 (3d Cir. 2006), for their position.  Certain discretionary decisions of the Secretary of Homeland Security or Attorney General are not judicially reviewable pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii).  Section 1252

provides:

> [a]ny other decision or action of the Attorney General or the Secretary of Homeland
> Security the authority for which is specified under this [subchapter] to be in the
> discretion of the Attorney General or the Secretary of Homeland Security, other than
> the granting of [asylum].

8 U.S.C. § 1252(a)(2)(B)(ii).  Section 1155, at issue here, provides: "The Secretary of Homeland

Security may, at any time, for what he deems to be good and sufficient cause, revoke the

approval of any petition approved by him under section 204 [8 U.S.C. 1154]."  Id., at § 1155.

The Third Circuit has held that § 1252(a)(2)(B)(ii) bars judicial review of revocation decisions

made pursuant to § 1155.  Jilin, 447 F.3d at 205.

Plaintiffs assert that Jilin is distinguishable from the present case and, instead, rely on

cases from other circuits, particularly the Ninth Circuit's decision in Ana Int'l v. Way, 393 F.3d

886 (9th Cir. 2004).  Adopting the reasoning of the court in Ana, Plaintiffs argue that a

revocation decision of § 1155 is judicially reviewable when the revocation decision is based on a

finding pursuant to 8 U.S.C. § 1154(c).  They argue that "INA § 204(c) (8 U.S.C. § 1154), . . .

[provides] meaningful standards of review[,] . . . [including] precedential agency decisions[,] for

determining what constitutes 'good and sufficient cause' under § 1155 for revocation based upon

allegations of marriage fraud."  (Pls.' Response in Opp'n to Fed. Defs.' Br. in Supp. of Mot. to

Dismiss for Lack of Juris. or in the Alternative for Failure to State a Claim, at 4-5.)  In essence

what Plaintiffs argue is that the guidance provided in § 1154(c) makes judicial review

appropriate despite § 1252's jurisdiction stripping provision's general bar on judicial review of

revocation decisions made pursuant to § 1155.  But, the Third Circuit in Jilin expressly

considered and rejected the holding in Ana.  447 F.3d at 204.  The Jilin court specifically

discussed and rejected a similar argument made in Ana as the one Plaintiffs make here–that

guidance or definitions provided in other statutes relied on in making a revocation decision make judicial review meaningful, altering the general position that revocation decisions under § 1155 are not reviewable.  Id., at 203-04.  Other circuits may have reached a different conclusion of the scope of §1252's jurisdictional bar for § 1155 revocation decisions, but this Court is bound by Third Circuit decisions.  The Third Circuit in Jilin made clear that revocation decisions under § 1155 are not subject to judicial review regardless of the basis for the decision.  Id., at 204; see also Ibraimi v. Chertoff, No. 07-3644, 2008 U.S. Dist. LEXIS 61406 (D.N.J. Aug. 12, 2008) (reaching the same conclusion in a factually similar case involving a revocation based on § 1154(c)).  Therefore, this Court lacks jurisdiction over Plaintiffs' claim; Defendants' motion to dismiss is granted.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Complaint is granted.  The Court is without jurisdiction to review the administrative decision at issue; the Complaint is dismissed with prejudice.  An appropriate Order accompanies this Opinion.


DATED: April 5, 2010                            /s/ Jose L. Linares_____
                                                JOSE L. LINARES
                                                UNITED STATES DISTRICT JUDGE